UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                   BKY Case No. 13-40709-MER

Sharon D.M. Stewart,                                     MEMORANDUM OPINION
                                                              AND ORDER

                    Debtor.

_____

At Minneapolis, Minnesota, September 1, 2015.

This matter came before the Court on May 28, 2015, on the Amendment to Debtor's

Motion for Authority to Transfer Real Property by Quitclaim Deed from Debtor to Ocwen Loan

Servicing, LLC ("Amended Motion").  Lynn J.D. Wartchow appeared on behalf of the Debtor.

Karl Johnson appeared on behalf of the chapter 13 trustee.  The Court ordered supplemental

briefing, which was completed on June 15, 2015.  Based on the submissions and the arguments

of counsel, the Court enters this memorandum opinion and order regarding the Amended

Motion.

**Background**

Sharon D.M. Stewart ("Debtor" or "Stewart") filed for relief under chapter 13 of the

Bankruptcy Code on February 15, 2013.  Her "Third Modified Chapter 13 Plan, dated April 18,

2013" (ECF No. 18) was confirmed on May 7, 2013.  ECF No. 21.  She subsequently sought to

modify this confirmed plan in a "Modified Chapter 13 Plan, dated August 23, 2013" (ECF No.

30).[1]  This post-confirmation modified plan was confirmed by order of this Court on October 4,

_____

[1] A modification to the original plan was sought to change the treatment of the
Comptroller of the State of Maryland for state income taxes.  A proof of claim filed by that entity
reflected a general unsecured claim of $11,758.00 and a priority unsecured claim of $3,871.00.
See Claim No. 12.  The Debtor's original plan provided for a secured claim of the Comptroller of
Maryland.  The modified plan was revised to reflect that change.  The Debtor's plan payments

2013.  ECF No. 32.  The Debtor's Amended Motion seeks court authorization to allow her to

transfer certain encumbered real property to the secured creditor in full satisfaction of its claim.

At the time of filing, the Debtor was renting a dwelling located in St. Louis Park, MN.

The only real property she owned was a condominium unit located in Ellicott City, Howard

County, Maryland.[2]  This property is subject to a mortgage in favor of One West Bank, a lien for

real estate taxes to Howard County, and a lien for homeowner's association assessments in favor

of Village of Montgomery Run 2.  The bank's proof of claim reflected an outstanding balance

due of $304,669.43.  See Claim No. 8.  The Debtor valued the property at $146,200.00, leaving

the bank considerably under-secured.

The Debtor's confirmed plan provided, in pertinent part, that "Upon confirmation of this

Chapter 13 plan, the Property shall vest in One West Bank, and the Confirmation Order shall

constitute a deed of conveyance of the Property when recorded at the Registry of Deeds . . . .  All

secured claims secured by the Property will be paid by the surrender of the collateral real

property and foreclosure of the security interest."  ECF No. 30, ¶ 13.  Although One West Bank

was listed on the proof of claim, in the section that asked for the "name and address where

notices should be sent," the actual "creditor" as shown on the proof of claim, as well as on the

attachment, was "U.S. Bank National Association as Trustee for the LXS 2006-16N ("U.S.

---

did not change, although the effect of the modification was to increase the amount the general
unsecured creditors would receive, from a 3.4% dividend to a dividend of 7.6%.  In all other
respects, the plans are identical.

[2] See Schedule A for the complete legal description.  The Debtor also noted that "[she] is
neither renting the property nor otherwise using or occupying the property in any manner."  Id.

2

Bank").[3]  This claim was subsequently transferred to Ocwen Loan Servicing, LLC ("Ocwen"), as

agent for U.S. Bank.  ECF No. 40.

One West Bank was properly served with both the Debtor's modified plan dated April

18, 2013 (ECF No. 18), as well as the Debtor's post-confirmation modified plan dated August

23, 2013 (ECF No. 27).  Both of those plans were confirmed by an order of this Court.  ECF

Nos. 21 and 32, respectively.  In neither instance did One West Bank object.  In point of fact,

both of these plans were confirmed without objection.

The original motion seeking transfer of the real property at issue was served upon both

Ocwen and its attorney.[4]  ECF No. 44.  Thereafter, on April 30, 2015, counsel for the Debtor

served the amended motion upon Ocwen; its attorney; and Richard K. Davis, CEO, U.S. Bank.

ECF No. 48.  After the date of the hearing on the Amended Motion, but before supplemental

briefing was completed, Mr. Kipp entered a text entry on the docket, as follows: "I, Orin J. Kipp,

attorney for [Ocwen], certify that I have discussed the [motion and amended motion] with my

client(s) and [Ocwen has] decided not to object to the motion."[5]

### Issue Presented

Is the Debtor entitled to the relief she requests, e.g., can Ocwen be forced either to accept

a conveyance of the encumbered real property in full satisfaction of the indebtedness owed or, in

the alternative, to reject such conveyance and initiate foreclosure proceedings?  This Court finds

---

[3]  The full title of this creditor entity is "U.S. Bank National Association as Trustee for
Lehman XS Mortgage Pass-Through Certificates, Series 2006-16N."

[4]  Attorney Orin J. Kipp filed a notice of appearance on behalf of Ocwen on September
25, 2014.  ECF No. 42.

[5]  Mr. Kipp did not appear at the May 28, 2015 hearing, nor did he submit any responsive
pleading to the Amended Motion.

that she is.

## Discussion

While there are a few published cases dealing with the issue presented here, namely the interpretation to be given the "surrender" component under 11 U.S.C. § 1325(a)(5)(C), coupled with the "vesting" component of 11 U.S.C. § 1322(b)(9), there has been little uniformity in the outcome.  The "common theme" in the reported cases that have addressed the issue focuses on whether the debtor's plan could be confirmed over the objection of the secured creditor.

In In re Rosa, 495 B.R. 522 (Bankr. D. Haw. 2013), the bankruptcy court confirmed a debtor's plan that provided for the surrender of the property to the secured creditor and vesting of title to the property upon confirmation. The court found that § 1325(a)(5)(C) permitted surrender and § 1322(b)(9) specifically authorized vesting of the property.  Because the debtor met the requirements of § 1325(a)(5)(A), the creditor was deemed to have "accepted" the plan because it did not object to the plan after having receiving notice.  Id. at 524-25.

On the other hand, in In re Rose, 512 B.R. 790 (Bankr. W.D.N.C. 2014), the bankruptcy court refused to compel a secured creditor to accept a conveyance of the property to the secured creditor.  To do so, the court reasoned, would subject the lender to unwanted liabilities relating to the real estate and impair the creditor's rights under state law.

However, in In re Watt,[6] the bankruptcy court specifically disagreed with both the Rosa and Rose courts in confirming a plan that provided for the vesting of title in the secured creditor over its objection so long as the plan complied with the other provisions of § 1325(a)(5).  Watt at

---

[6]  520 B.R. 834 (Bankr. D. Or. 2014), rev'd slip op., 14-CV-02051-AA, 2015 WL 1879680 (D. Or. Apr. 22, 2015), appeal filed, 15-35484 (9th Cir. June 16, 2015).

839.

In contrast, Ms. Stewart's plan has already been confirmed. Notably, neither Ocwen, nor its predecessor in interest, One West Bank, objected to the treatment of its secured claim.

With that in mind, the analysis must begin with an examination of the effect of confirmation of a plan. Section 1327(a) states: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan." 11 U.S.C. § 1327(a).

A review of the record indicates that One West Bank received notice of the plan dated April 18, 2013. It did not object to its proposed treatment. The plan was confirmed by order of May 7, 2013. ECF No. 21. The Debtor then sought to modify the plan. Again, One West Bank received notice of the post-confirmation modified plan dated August 23, 2013. ECF No. 31. Once again, it did not object. The bank then transferred its claim to Ocwen. ECF No. 40.

The Debtor then sought to enforce her rights under the terms of the confirmed plan, and filed her initial motion seeking to compel Ocwen either to accept a conveyance of the property or to initiate foreclosure. By her Amended Motion, the Debtor served U.S. Bank, which did not file a response, nor did it appear at the May 28, 2015 hearing. Ocwen, by its attorney, filed a response of "no objection" to the Amended Motion.

Not only is the statute clear on the binding effect of confirmation of a plan, but the Supreme Court in Bullard v. Blue Hills Bank, 575 U.S. ___, 135 S. Ct. 1686 (May 4, 2015) reinforces that concept:

> [P]lan confirmation . . . alters the status quo and fixes the rights
> and obligations of the parties. When the bankruptcy court confirms

5

a plan, its terms become binding on debtor and creditor alike.
Confirmation has preclusive effect, foreclosing relitigation of any
issue actually litigated by the parties and any issue necessarily
determined by the confirmation orders.  Subject to certain exceptions,
confirmation vests all of the property of the bankruptcy estate in the debtor,
and renders that property free and clear of any claim or interest of any
claim or interest of any creditor provided for by the plan.  Confirmation
also triggers the Chapter 13 trustee's duty to distribute to creditors those
funds already received from the debtor.

Id. at 1692.

Particularly instructive here are two very recent bankruptcy cases:  In re Sagendorph, II,

2015 WL 3867955 (Bankr. D. Mass. June 22, 2015) and In re Zair, 2015 WL 4776250

(Bankr. E.D.N.Y. Aug. 13, 2015).  The issue in both was the same:  can the debtor confirm a

plan, over the secured creditor's objection, in which he "surrenders" the property back to the

secured creditor in full satisfaction of its claim, and then "vests" the title to the same property in

the name of the secured creditor?  Both Judge Hoffman, in Sagendorph, II, and Judge Trust, in

Zair, answered that question in the affirmative.

Chief Judge Melvin S. Hoffman, in Sagendorph, II, does an outstanding job of analyzing

the "surrender" provision of § 1325(a)(5)(C) when it is used in conjunction with the "vesting"

provision of § 1322(b)(9).  He found that not only can they co-exist, but that they can be used in

tandem to provide for the claim of a secured creditor, over its objection, in confirming a chapter

13 plan.  Succinctly stated:

I conclude that a correct application of the relevant provisions of the
Bankruptcy Code permits a chapter 13 debtor to propose a plan that
provides for transferring title to mortgaged real estate to the mortgagee
in full satisfaction of its claim subject to the mortgagee's right to object,
in which case the court must determine if the plan has been proposed in
good faith, is otherwise in compliance with the Code, and should be
confirmed.  This approach maintains the integrity of both § 1325(a)(5)
§ 1322(b) and is consistent with the most basic principles of bankruptcy

6

restructuring as enunciated in the Code's reorganization provisions embodied in chapters 11, 12, and 13.

Sagendorph, II at *4.

In Zair, Judge Trust compared and contrasted the various holdings in Rosa, Rose, Watt, and other cases, and agreed with Judge Hoffman that "surrender" and "vesting" can be used together to confirm a plan.  Elaborating further, he stated, "This Court respectfully disagrees with Watt and to some extent, with Malave,[7] agrees for the most part with Sagendorph, and concludes that while surrender and vesting are different, they are not mutually exclusive, and the Bankruptcy Code's plain language permits a debtor to deploy both options in a plan."  Id. at *5 (footnote added).

This Court adopts the reasoning of both Sagendorph, II and Zair.  While the "surrender" concept found in § 1325(a)(5)(C), and the "vesting" concept embodied in § 1322(b)(9) are different, they may nonetheless be used in tandem when providing for the treatment of a secured claim in a chapter 13 plan.  Indeed, in this case, there is an even stronger argument to be made that the Debtor should be able to do as she proposes — the terms of the treatment of Ocwen's claim were unambiguously spelled out in the plan.  There were no objections to its treatment.  Indeed, counsel for Ocwen filed a statement of "no objection" to the relief sought by the Debtor.[8]

---

[7]  In re Malave, Case No. 13-13348 (ALG) (Bankr. S.D.N.Y. Apr. 11, 2014).

[8]  In light of this analysis, it is unnecessary to examine the law of Maryland regarding the ability of a borrower to force the hand of a creditor to either take the property back or to initiate foreclosure.  Although not entirely clear, it appears doubtful that the borrower could do so.  See In re Khan, 504 B.R. 409, 410 (Bankr. D. Md. 2014), as corrected (Jan. 30, 2014).  Nor is it necessary to look at Maryland state law vis-a-vis the holding in Butner v. U.S., 440 U.S. 48, 55 (1979) (property interests are created and defined by state law "unless some federal interest requires a different result").

Under the provisions of § 1327(a), and the Supreme Court's holding in <u>Bullard</u>, Ocwen, as servicing agent for U.S. Bank, successor in interest to One West Bank, is bound by the provisions of the Debtor's Modified Plan dated August 23, 2013.

The Court feels compelled to address the issue raised by the chapter 13 trustee in his supplemental brief.[9]  The trustee submits that the Debtor's *in personam* liability for the homeowner's association fees would be discharged under 11 U.S.C. § 1328(a), and hence "there is no harm to the debtor that requires remedy . . . [and] the only way to narrowly tailor the relief requested is to deny the injunctive relief."[10]  ECF No. 51, ¶ 11.  First, that issue is not before me. Second, such a consideration is premature; the Debtor is only in the third year of a five-year plan.  And, how this issue is germane to the requested relief here is unclear.

### Conclusion

Ocwen, as the servicing agent for U.S. Bank, successor in interest to One Bank West, is bound by the terms of this Court's Order Confirming the Debtor's Modified Post-confirmation Plan dated August 23, 2013.  ECF No. 32.  The terms of the Debtor's modified plan are binding on Ocwen.  <u>See</u> 11 U.S.C. § 1327(a) and <u>Bullard v. Blue Hills Bank</u>, 575 U.S. ___, 135 S. Ct.

---

[9]  The Debtor would have the Court disregard the trustee's argument, claiming that it was untimely; while technically that is true (one business day – June 15, the date it was filed, versus June 12, the date it was due), in the interest of full consideration of all the issues presented, the trustee's argument will be addressed.

[10]  One comment is in order regarding the characterization of the type of relief the Debtor is seeking here.  The Court, *sua sponte*, at the May 28, 2015 hearing, questioned the propriety of bringing this request as a contested matter under Fed. R. Bankr. P. 9014, suggesting that it should more properly be the subject of an adversary proceeding.  Upon further reflection, the Debtor's procedural "vehicle" is appropriate.  Fed. R. Bankr. P. 7001(7) defines an adversary proceeding as "[one] to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief."  Clearly, the relief sought here falls within that exception.

1686 (May 4, 2015).

Based on the foregoing,

**IT IS HEREBY ORDERED:**

1. The Debtor's Amended Motion is **GRANTED**.

2. The Debtor shall, within thirty (30) days of the date of this order, prepare and transmit to Ocwen Loan Servicing, LLC, by and through its counsel of record, a duly executed quitclaim deed from Sharon D.M. Stewart, a/k/a Sharon D. Stewart, as grantor, to U.S. Bank National Association as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-16N, as grantee, to the real property that is the subject of this order, to wit:

   Condominium located at 8330 Montgomery Run, Apt. F, Village of Ellicott City, MD 21043-7277, and legally described as: BEING KNOWN AND DESIGNATED as Condominium Unit F, Building 77, in Village of Montgomery Run 2, A Condominium, as established pursuant to Declaration and By-Laws made by Newmiss Limited Partnership, dated September 25, 1989, and recorded among the Land Records of Howard County in Liber CMP No. 2060, folio 125, et seq.; as amended from time to time and as shown on the Condominium Plats recorded among the Land Records of Howard County in Condominium Plat Books and being entitled, "Plat of Condominium Subdivision for Village of Montgomery Run 2, a Condominium, Phase 27, Part of Parcels I-1 and J-1, Village of Montgomery Run, Section 1, Area 2," recorded in Condominium Plat Book Nos. 9969, through 9973; and all plats recorded subsequent thereto. The improvements thereon being known as No. 8330 F Montgomery Run Road.

3. Within sixty (60) days of the delivery of the quitclaim deed to counsel for Ocwen Loan Servicing, LLC, it shall take one of the following steps:

   A. Record the deed, including the fulfillment of any requirements incidental to a recording of a deed under applicable Maryland law; **OR**

   B. Reject the proposed tender of the deed through a written document

filed with this Court, and served upon the Debtor, her counsel, and

the chapter 13 trustee; **AND**

C.  Initiate foreclosure proceedings against the subject property, including

a request for an order from this Court granting Ocwen relief from

the automatic stay.

4.  In the event Ocwen fails to avail itself of either of the options set forth in Term 3,

within the time frame set forth therein, the Debtor shall be permitted to record

the quitclaim deed in the appropriate land records office in Howard County,

Maryland.


*/e/ Michael E. Ridgway*
_____
Michael E. Ridgway
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *09/01/2015*
Lori Vosejpka, Clerk, by MJS